UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MIKE SETTLE,                          )
                                      )        Case No. 3:19-cv-32
         *Plaintiff,*                 )
                                      )        Judge Travis R. McDonough
v.                                    )
                                      )        Magistrate Judge H. Bruce Guyton
MICHAEL PARRIS,                       )
                                      )
         *Defendant.*                 )

---

**MEMORANDUM AND ORDER**

---

Plaintiff Mike Settle, proceeding *pro se*, brings this civil rights action under 42 U.S.C. §
1983.  Now before the Court are Defendant Michael Parris's motion to take Plaintiff's deposition
(Doc. 19), Plaintiff's "motion for discovery" (Doc. 20), Defendant's motion for extension to file
response to Plaintiff's interrogatories (Doc. 23), and Plaintiff's motion to compel discovery
(Doc. 29).  For the reasons herein, the Court will **GRANT** Defendant's motion to take Plaintiff's
deposition, **DENY WITH LEAVE TO REFILE** Plaintiff's "motion for discovery," **GRANT**
Plaintiff's motion to compel discovery, and **GRANT** Defendant's motion for extension to file
response to Plaintiff's interrogatories.

## I.    DEFENDANT'S MOTION TO TAKE PLAINTIFF'S DEPOSITION

Defendant moves to depose Plaintiff under Federal Rule of Civil Procedure 30(a)(2)(B).
Rule 30(a)(2)(B) provides that a party must obtain the court's leave to take the deposition of a
deponent who is confined in prison.  Plaintiff is currently housed at the Morgan County
Correctional Complex in Wartburg, Tennessee.  Defendant will be **GRANTED** leave to take

Plaintiff's deposition before a notary public, either in person or by teleconference, at a time and date convenient to the prison authorities.

## II. PLAINTIFF'S MOTION FOR DISCOVERY AND MOTION TO COMPEL DISCOVERY

### A. Plaintiff's Motion for Discovery

Plaintiff filed a "motion for discovery" under Federal Rule of Civil Procedure 26. (Doc. 20.) Attached to his "motion for discovery" are Defendant's responses to Plaintiff's discovery request. (*Id.* at 3–5.) In his motion, Plaintiff states that, on December 2, 2019, he requested copies of "TDOC [Tennessee Department of Correction] Index #401.05, Index # 401.08, Index #507.01, Index # 509.01, Index # 509.02, Index # 509.03, and Tenn. Code Ann. § 9-8-307" from Defendant. (*Id.* ¶ 1.) Plaintiff also requested a "copy of the inmates that completed the (SMU) [program] in unit 26, C & D that [were] transferred." (*Id.* ¶ 4.) Defendant, however, objected to Plaintiff's requests on relevancy grounds and failed to provide him with copies of these documents. (*Id.* ¶¶ 2–3.) Plaintiff maintains that the requested documents are relevant to his case because the TDOC policies "show 'liberty interests'" and the "list shows the inmates transferred [out of SMU] based on completed (SMU) [program] [.]" (*Id.* ¶¶ 3–4.)

Defendant responds in opposition, arguing that the TDOC Policies 401.05, 401.08, 507.01, 509.01, 509.02, and 509.03 and the requested inmate "list" are irrelevant to Plaintiff's case. (Doc. 22.) Specifically, Defendant argues that the TDOC policy does not create a liberty interest because a liberty interest is not triggered by prison policy language but rather by whether "the matter at issue" imposes an atypical and significant hardship on an inmate. (*Id.* at 2.) Defendant maintains that Policy 401.05, titled "Safekeepers"; Policy 401.08, titled "Classification Hearing Process"; Policy 507.01, titled "Visitation"; and Policies 509.01, 509.02, 509.03, titled "Library Administration and Supervision," are not at issue in Plaintiff's complaint.

(*Id.* at 1.)  Lastly, Defendant states that he properly objected to interrogatory number five of Plaintiff's discovery, because "[o]ther inmates' experiences are irrelevant to Plaintiff's claim." (*Id.* at 2.)

Local Rule 37.2 of the Eastern District of Tennessee states:

> Any discovery motion filed pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

Plaintiff attached Defendant's responses to Plaintiff's discovery request but failed to attach his discovery request to his "motion for discovery" under Rule 37.2.  *See Abrams v. First Tenn. Bank Nat'l Ass'n*, No. 3:03-cv-428, 2006 WL 2481296, at *2  (E.D. Tenn. Aug. 24, 2006) (stating that compliance with Local Rule 37.2 is a threshold requirement "dutifully enforced in this District").  Plaintiff's "motion for discovery" will therefore be **DENIED WITH LEAVE TO REFILE**.

## B.  Plaintiff's Motion to Compel

Plaintiff subsequently filed a motion to compel discovery under Federal Rule of Civil Procedure 37(a).  (Doc. 29.)  Attached to Plaintiff's motion are his request for production and Defendant's response to the request.  In Plaintiff's motion to compel, he states that, on February 5, 2020, he requested a copy of "TDOC #401.02" regarding the reclassification process.  (*Id.* at 1.)  Plaintiff maintains that Defendant objected to this "production request" and that the request for this policy is relevant to Plaintiff's case.  (*Id.*)  Defendant argues in opposition that TDOC policy 401.02 does not concern or reference to the reclassification process but, instead, concerns the "Receiving and Receipting of Inmates."  (Doc. 30, at 1.)  Because "[t]he receipt of Plaintiff into the physical custody of TDOC" is not at issue, Defendant argues that the policy is irrelevant.

3

(*Id.*)  The parties, therefore, disagree as to what Policy 401.02 entails.  Plaintiff has not filed a reply to Defendant's opposition.

"A district court has broad discretion in regulating discovery[.]"  *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991).  The Sixth Circuit has also held that the scope of discovery under the Federal Rules of Civil Procedure is "quite broad."  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "But discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  *But see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (stating that discovery is not "limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits").

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1); *see also Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-cv-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (noting that relevant information under Rule 26 is broad for discovery purposes).  The moving party bears the initial burden that the information sought is relevant.  *Id.* at *3.  The information sought need not be admissible in court to be relevant.  *Person v. Progressive Logistics Serv., L.L.C.*, No. 1:05-cv-150, 2006 WL 8442660, at *1 (E.D. Tenn. Jan. 27, 2006).  Rather, the relevance burden is satisfied if the party can demonstrate that the requested information "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.* (citation omitted);  *see Sanders*, 437 U.S. at 351 (stating that relevant subject matter under Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in this case").  "If a party objects to the relevancy of information sought . . . the party seeking the

4

information bears the burden of showing its relevance." *Grant, Konvalinka & Harrison, P.C. v. U.S.*, No. 1:07-cv-88, 2008 WL 4865566, at *4 (E.D. Tenn. Nov. 11, 2008) (citation omitted).

Federal Rule of Civil Procedure 37 governs discovery disputes between parties. Rule 37(a)(3)(B)(iv) allows a party to move to compel discovery if "a party fails to produce documents . . . requested under Rule 34." As a threshold matter, however, the proponent of a motion to compel must include a certification that the movant has, in good faith, "conferred or attempted to confer with the person or party failing to make disclosure of discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Plaintiff has satisfied this threshold requirement under Rule 37(a)(1). Attached to his motion are Plaintiff's discovery request served on Defendant on February 5, 2020, and Defendant's response, which show that Plaintiff attempted to obtain the discovery before he filed this motion. He also certified in his motion that he requested "T.D.O.C. #401.02" and that Defendant objected to this request. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'" (citation omitted)).

Plaintiff has also met his burden in showing that Policy 401.02 appears reasonably calculated to lead to admissible evidence that is relevant to Plaintiff's claims. Plaintiff states in his motion that Policy 401.02 relates to the "reclassification process" detailed in his complaint and that the "Program Review Board is specifically charged with 'transfer reclassifications'" under index 401.02(vi)(A)(4)(b). (Doc. 29, at 1–2.) If Policy 401.02 does in fact discuss the reclassification process, this information appears reasonably calculated to lead to admissible evidence relevant to Plaintiff's claim that Defendant's alleged failure to transfer him out of SMU—despite his reclassification out of SMU upon his completion of the SMU Program— violates Plaintiff's due process rights. Although Defendant argues that Policy 401.02 does not

discuss the reclassification process but instead discusses the "Receiving and Receipting of Inmates," the policy sought may lead to information regarding the TDOC's procedures that could bear on or clarify Plaintiff's due-process claims. *See Sanders*, 437 U.S. at 351 (stating that discovery is "designed to help define and clarify the issues"). Accordingly, Plaintiff's motion to compel discovery (Doc. 29) will be **GRANTED**. Defendant shall provide Plaintiff with TDOC Policy 401.02, because the policy appears reasonably calculated to lead to the discovery of admissible evidence.

## III. DEFENDANT'S MOTION FOR EXTENSION

On January 29, 2020, Defendant moved for a thirty-day extension "to February 28, 2020" to "fully respond" to Plaintiff's Interrogatories. (Doc. 23, at 1.) Federal Rule of Civil Procedure 33(b)(2) states that a "responding party must serve its answers . . . within 30 days after being served with the interrogatories. A shorter or longer time may be . . . ordered by the court."[1] Local Rule 7.2 states that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." Plaintiff has not filed opposition to Defendant's motion. Accordingly, the Court will **GRANT** Defendant's motion. While the thirty-day extension to February 28, 2020, has clearly passed, the Court shall deem Defendant's answers to Plaintiff's interrogatories that were served on or before February 28, 2020, as timely.

## IV. CONCLUSION

For the foregoing reasons, the parties' motions are resolved as follows:

- Defendant's motion to take Plaintiff's deposition (Doc. 19) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant is permitted to take

---

[1] After Defendant filed his motion (Doc. 23), the Court entered a scheduling order, which states that "[a]ll discovery methods listed in Rule 26(a) [of] the Federal Rules of Civil Procedure shall be completed by August 17, 2020," including all motions relating to discovery. (Doc. 26, at 1.) The scheduling order is silent, however, as to discovery methods under Rule 33.

6

Plaintiff's deposition, before a notary public, in person or by teleconference, at a time and date convenient to the prison authorities.

- Plaintiff's "motion for discovery" (Doc. 20) is **DENIED WITH LEAVE TO REFILE**.

- Plaintiff's motion to compel discovery (Doc. 29) is **GRANTED**. Defendant **SHALL** provide Plaintiff with TDOC Policy 401.02 within thirty days of the date of this Order.

- Defendant's motion for extension to file response to Plaintiff's interrogatories (Doc. 23) is **GRANTED**. Defendant's answers to Plaintiff's interrogatories served on or before February 28, 2020 shall be deemed timely.

**SO ORDERED.**

*/s/Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**